IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ROMEO JOSEPH HILLMAN, #59023-037, *

    Petitioner, *

v.      *    Case No.: GJH-17-2016
                   *    Crim. Case: GJH-15-438
                   *
UNITED STATES OF AMERICA,
                   *
    Respondent.
                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Romeo Joseph Hillman, an inmate at FCI Petersburg Low, filed a Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 49,[1] challenging his 2016 guilty plea and sentencing for distribution of child pornography. Respondent United States of America argues that the Motion is time-barred, as it was not filed within a year of his conviction. ECF No. 51 at 2.[2] Hillman argues that his claim is not time-barred because he is entitled to equitable tolling of his time limitation. ECF No. 52 at 2. No hearing is necessary to resolve this case. Loc. Rule 105.6. (D. Md. 2016); *see also* Rule 8 of the Rules Governing §2255 Proceedings. For the reasons set forth herein, the Motion will be denied as time-barred, and a certificate of appealability will not issue.

## I. BACKGROUND

On January 4, 2016, Hillman pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). ECF No. 25. On April 20, 2016, the Court

---

[1] References to documents on the Court's ECF system are to documents on the criminal docket, case No. GJH-15-438.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

sentenced Hillman to 114 months of imprisonment followed by lifetime supervised release. ECF No. 43. Hillman did not appeal.

On July 14, 2017, Hillman filed the pending Motion to Vacate pursuant to 28 U.S.C. § 2255,[3] received by the Clerk on July 19, 2017. ECF No. 49. On July 21, 2017, this Court ordered Respondent to respond, and provided Hillman an opportunity to reply to that response. ECF No. 50. In their Response, the United States argues that Hillman's Motion to Vacate was filed outside the one-year limitations period and thus is time-barred. ECF No. 51 at 2. In his Reply, Hillman argues that his Motion is subject to statutory and equitable tolling. Specifically, he argues that the one-year limitation should be tolled because for part of that year he was placed in the Special Housing Unit ("SHU") following the death of his cell mate, ECF No. 52 at 1, he experienced the death of his grandfather, *id.*, and he had limited access to the law library for two months following his sentencing, *id.* at 2.

## II.   STANDARD OF REVIEW

A one-year statute of limitations applies to § 2255 petitions. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[3] For purposes of assessing the timeliness of the instant motion under 28 U.S.C. §2244(d)(1)–(2), this Court treats it as filed on the date it was signed: July 14, 2017. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919–20 (D. Md. 1998); Rule 3(d) of the *Rules Governing Section 2255 Cases in the United States District Courts* (applying the "mailbox rule").

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year period may be equitably tolled. *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to the one-year limitation period in 28 U.S.C. §2255) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

## III. DISCUSSION

### A. Timeliness of Hillman's § 2255 Motion to Vacate

Respondent argues that the deadline for Hillman to file a notice of appeal expired on May 4, 2016, 14 days after entry of the judgment against him, pursuant to Fed. R. App. P. 4(b)(1)(A). No appeal was filed.

Respondent is correct. Because Hillman did not file an appeal, his conviction became final when the time for filing a notice of appeal expired: 14 days after the entry of judgment. *Id.* at 527; *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001); see *also* Fed. R. App. P. 4(b)(1)(A) (providing fourteen days to file an appeal). Hillman's limitations period started to run on May 4, 2016, and expired one year later on May 4, 2017. When Hillman signed the Motion to Vacate on July 14, 2017, more than two months had already elapsed since the expiration of the one-year limitations period. Accordingly, the Motion was untimely filed.

In his Reply, Hillman claims that his trial counsel failed to inform him of his appeal options after sentencing. ECF No. 52 at 1. The record, however, indicates that Hillman was aware of his options. Hillman was advised of his right to a limited appeal on the day of his

3

sentencing, ECF No. 43, and waived certain appeal rights by the terms of his written plea agreement. ECF No. 26 at 3, 7. As such, Hillman was aware that he had 14 days after the Court entered judgment to file any appeal. Thus, the Court will not extend the one-year limitations period under 28 U.S.C. § 2255(f)(4). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *See Whiteside*, 775 F.3d at 184, quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Hillman is complaining about facts that were known to him during plea negotiations and at sentencing, and fails to allege any new fact that would allow him to benefit from § 2255(f)(4). Consequently, Hillman may not rely on 28 U.S.C. § 2255(f)(4) to set the date for running the one-year limitations period.

**B. Equitable Tolling**

As Hillman's Motion to Vacate was untimely when it was filed, it must be dismissed unless the limitations period can be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (*en banc*). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); *Holland*, 560 U.S. at 649–54.

A petitioner is entitled to equitable tolling if he demonstrates that he has been pursuing his rights diligently, and an extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted"). "An inmate asserting equitable tolling 'bears a strong burden to show specific facts' that demonstrate he

4

fulfills both elements of this test." *Smith v. Virginia*, No. 3:12-CV148, 2013 WL 871519, at *3 (E.D.Va. Mar. 8, 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (internal marks omitted).

Hillman argues that during the year he had to file this Motion, (1) he was placed in SHU for two weeks during an investigation into the death of his cellmate, (2) he mourned both the death of his cellmate and the death of his grandfather, and (3) for two months following his sentencing his access to a law library was "limited, almost nonexistent." ECF No. 52 at 1–2. Hillman alleges that these constitute extraordinary circumstances which prevented him from filing this Motion on time, but does not explain how he was prevented from filing. While unfortunate, these incidents do not amount to extraordinary circumstances that prevented Hillman from timely filing his Motion. He does not show that he was prevented from asserting his claims by wrongful conduct on the part of the government or by an extraordinary circumstance beyond his control that made it impossible for him to timely file his claims. Further, Hillman's lack of familiarity with the legal process does not constitute a basis for equitable tolling. *Sosa*, 364 F.3d at 512. In sum, Hillman has not met his burden to demonstrate extraordinary circumstances to warrant equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

A prisoner asserting a motion to vacate under §2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. §2253(c)(1)(B). An appeal may not be taken from the final order in a §2255 proceeding unless a judge issues a certificate of appealability ("COA"). *Id.*

The Supreme Court recently reaffirmed "that a litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the

5

appeal would not 'deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In *Slack*, the Court held that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484. And it later reiterated that:

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.

*Id.* at 484-85. Hillman does not satisfy this standard. Therefore, the court declines to issue a certificate of appealability.[4]

## V. CONCLUSION

For the foregoing reasons, the Court denies the Motion to Vacate as time-barred. A certificate of appealability will not issue. A separate Order follows.

Dated: November 17, 2017

GEORGE J. HAZEL
United States District Judge

---

[4] Denial of a certificate of appealability in the district court does not preclude Hillman from requesting a certificate of appealability from the appellate court.